UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GERALD GREGOR and CAROLYN GREGOR,**<br><br>Plaintiffs,<br><br>v.<br><br>**TD BANK, N.A. and BANK OF AMERICA,**<br><br>Defendants. | Civ. No. 2:21-05255-KM-ESK<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

      The Amended Complaint asserts both federal and state-law claims against Defendants TD Bank, N.A. ("TD Bank"), and state-law claims against Bank of America, N.A. ("BoA"). TD Bank (DE 7) and BoA (DE 4) move to dismiss the amended complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedue 12(b)(6). For the reasons set forth below, the motion of TD Bank is **GRANTED.** The federal claims against TD Bank will be dismissed without prejudice for failure to state a claim. All federal claims having been dismissed, this Court declines to exercise supplemental subject matter jurisdiction over all of Plaintiffs' state-law claims. Accordingly, the motions, insofar as they seek to dismiss the state-law claims for failure to state a claim, are dismissed as moot.

1

I. **BACKGROUND**[1]

**A. The Complaint**

The facts alleged in the Amended Complaint are accepted as true for purposes of this motion. On July 1, 2020, Plaintiff Carolyn Gregor sought technical assistance for her laptop from an individual, later revealed to be a fraudster, who identified himself as an Apple employee. (Am. Compl. ¶1). The fraudster initially collected a charge of $2.99, but then stated that he would refund the charge because additional laptop memory was not required. Thereafter, however, the fraudster claimed to have mistakenly transferred not $2.99 but $29,999 to the Gregors' TD Bank checking account. (*Id.* ¶¶1-3). The fraudster requested that Carolyn Gregor pay back the mistaken amount by wire transfer to a BoA account under the name "Michael E. Molin."[2] (*Id.* ¶3).

Seemingly on the same day (July 1, 2020), at 3:51 PM, Plaintiffs went to their local TD Bank. They effectuated a wire transfer of $29,470 from their account to the BoA "Molin" account number provided by the fraudster. (*Id.* ¶4). Upon arriving home, however, Plaintiffs discovered that the funds at issue had been deposited to their account, not from an external source, but from the Plaintiffs' own TD Bank home equity line of credit ("HELOC"). That transfer occurred "without the authorization, knowledge or consent of Plaintiffs." (*Id.* ¶¶5-6).

Plaintiffs "immediately" went back to their local TD Bank and spoke with Ronnell McDaniel, Branch Manager and Vice President. (*Id.* ¶7). At 4:18 pm,

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Am. Compl." | = | Amended Complaint (DE 30) |
| "BoA Brf." | = | Bank of America, N.A. Memorandum of Law in Support of Motion to Dismiss (DE 4) |
| "TD Brf." | = | TD Bank, N.A. Memorandum of Law in Support of Motion to Dismiss (DE 7) |

[2] The Complaint does not clarify whether "Michael E. Molin" is the actual identity of the fraudster.

TD Bank issued a notice of recall of the transfer to the BoA account. (*Id.*). But too late; the fraudster was able to withdraw the wired funds from BoA, and Plaintiffs never recovered their money. (*Id.* ¶8).

On February 12, 2021, Plaintiffs filed a civil complaint in the Superior Court of New Jersey, Law Division, Essex County. (Docket No. ESX-L-001216-21) It contains five counts:

>Count 1: Negligence (against TD Bank)
>Count 2: Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.* (against TD Bank)
>Count 3: Federal Regulation Z (Truth in Lending), 12 C.F.R. § 1026.13 (billing error resolution) (against TD Bank)
>Count 4: Negligence (against BoA)
>Count 5: Aiding and abetting fraud (against BoA).

### B. Removal and Motions at Issue

On March 15, 2021, TD Bank removed the matter to this Court, with the consent of BoA. (Notice of Removal ¶5, DE 1) (the "Notice"). The Notice asserted that this Court had subject matter jurisdiction over the case, pursuant to 28 U.S.C. § 1331, because the Complaint contains federal law claims under 15 U.S.C. § 1666 and 12 C.F.R. § 1026.13. (*Id.* ¶¶7-9). As to Plaintiffs' state-law claims, the Notice requested that the Court exercise supplemental jurisdiction under 28 U.S.C. § 1367. (*Id.* ¶ 10).

On March 22, 2021, and April 5, 2021, separate motions under Federal of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim were filed by BoA (DE 4) and TD Bank (DE 7).

Two weeks after TD Bank's motion was filed, Plaintiffs filed its opposition. (DE 12) Plaintiffs' opposition was accompanied by a cross-motion to amend paragraph 9 of the Facts section of the Complaint.[3]

---

3    In the original version of the complaint (DE 1), Paragraph 9 reads as follows:

>9. [Plaintiff] Carolyn Gregor gave the fraudster remote access to her personal computer to allow for the refund of $2.99. However, using this access,

On May 3, 2021, Plaintiffs filed their opposition to BoA's motion to dismiss the Complaint. (DE 19.) One week later, the Defendants filed their reply briefs on their motions to dismiss. (DE 21 (BoA), 23 (TD Bank).)

Defendants filed their oppositions to Plaintiffs' motion to amend on May 21, 2021, and May 24, 2021. (DE 25 (BoA), 26 (TD Bank).) By Order dated September 13, 2021, Magistrate Judge Kiel granted the Plaintiffs' motion to amend and ordered that the already filed motions to dismiss would remain pending, noting that the amendment to the Complaint would not "change the operative facts or the legal theories set forth." (DE 29; *see also* DE 25, p. 4; DE 26, p. 12.) I therefore discuss the motions to dismiss in relation to the Amended Complaint (DE 30) (References to the "Complaint" herein refer to the Amended Complaint unless otherwise specified.)

## II.  LEGAL STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a

---

the fraudster was able to ascertain Plaintiffs['] user ID and password for their user ID and password, the fraudster was able to induce Plaintiffs into believing that an electronic fund transfer of $29,999 had been erroneously credited to their TD Bank checking account and that they needed to return the funds by wire transfer.

In the Amended Complaint (DE 30), paragraph 9 deletes the reference to the fraudster having taken advantage of access granted by Ms. Gregor to her computer:

9. Believing that the $29,999 was in their checking account, Plaintiffs instructed TD Bank to wire transfer the funds to an account of the fraudster at Bank of America. In fact, there were not sufficient funds in the checking account, and TD Bank effectuated the wire transfer by permitting the fraudster to make an unauthorized advance from Plaintiffs' home equity line of credit (HELOC) without Plaintiffs' knowledge to fund the wire transfer.

4

'showing' rather than a blanket assertion of an entitlement to relief.") (citation omitted). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

### III.   DISCUSSION

Plaintiffs allege that the "advance of funds from the HELOC account without the knowledge or approval of Plaintiffs constitutes a billing error under both Federal Reserve Regulation Z and the [FCBA]." (Am. Compl. ¶ 19). Plaintiffs argue that TD Bank's failure to investigate their "billing error claim … within 90 days, [and] make an appropriate correction to the HELOC by re-crediting the HELOC for the principal amount of the unauthorized advance plus reimbursement for the interest charged" constitutes a violation of the FCBA. (*Id.* ¶ 21). Further, Plaintiffs contend that under Federal Regulation Z, TD Bank is prohibited from collecting "any portion of the disputed advance on

5

the HELOC." (*Id.* ¶ 24–25). The remainder of Plaintiffs' Amended Complaint asserts state law causes of action against TD Bank and BoA.

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). TD Bank asserts that: (1) Plaintiffs' negligence claims are precluded by Article 4A of the Uniform Commercial Code ("Article 4A"); [4] (2) Article 4A dictates that the payment order initiating the HELOC transfer was authorized by Plaintiffs and therefore enforceable; (3) Plaintiffs cannot state a viable claim under Article 4A with respect to the wire transfer from Plaintiffs' TD Bank account to the fraudster's BoA account; and (4) Federal Regulation Z, the FCBA, and the Truth in Lending Act ("TILA") are inapplicable because the HELOC transfer was not a "billing error." BoA additionally argues that: (1) Plaintiffs have failed to sufficiently plead their aiding and abetting claim; and (2) as non-customers of BoA, Plaintiffs cannot state a cause of action against BoA.

I will grant Defendants' motions to dismiss. The Amended Complaint fails to allege that Plaintiffs complied with the requirement of FCBA and Regulation Z that consumers submit a written notice of a billing error to the bank in order to trigger a bank's obligations under federal law. *See* 15 U.S.C. § 1666(a); 12 C.F.R. § 1026.13(b)(1). Because the federal claims have been dismissed, and because this case is in its earliest stages, I will decline to exercise supplemental jurisdiction over all of the state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992). This is, however, an initial dismissal, so it is entered without prejudice to amendment within 30 days.

### A. Federal Claims

I begin with the claims arising under federal law, because they are the sole asserted basis for this Court's subject matter jurisdiction. Those federal claims, under the FCBA and Federal Regulation Z, are asserted only against TD

---

[4] That UCC article was adopted and enacted in New Jersey as N.J. Stat. Ann. § 12A:4A-101 *et seq.* BoA similarly argues in its motion to dismiss that Plaintiffs' aiding and abetting claim is preempted or subsumed by Article 4A.

Bank.[5] The FCBA, which is enforced by TILA, 15 U.S.C. § 1601, and implemented through Federal Regulation Z, 12 C.F.R. § 1026, "requires creditors to investigate and correct billing errors." *See Alves v. Verizon*, 2010 WL 2989988, at *7 (D.N.J. July 27, 2010) (quoting *Dimedio v. HSBC Bank*, 2009 WL 2413669, at *2 (D.N.J. Aug. 4, 2009)).

Under the FCBA, to trigger a creditor's obligation either to credit a disputed charge or conduct a reasonable investigation, "a consumer must submit a written notice of billing error within 60 days after receiving the statement that contains the error." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (citing 15 U.S.C. § 1666(a)). Written notice must be delivered to the address identified by the creditor for submitting billing disputes at the time the consumer opened the account. 15 U.S.C. § 1666(a) (cross-referencing 15 U.S.C. § 1647(b)(10), requiring creditors to specify such an address); *see also Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 451 (D.N.J. 2010). Only if a consumer complies with the FCBA's procedural notice requirements are the creditor's obligations triggered.[6]

---

[5] The other claim against TD Bank (Count 1), as well as all claims against BoA (Counts 4 & 5), are state-law claims. Plaintiffs do not allege diverse state citizenship or an amount in controversy in excess of $75,000, the prerequisites of diversity jurisdiction. See 28 U.S.C. § 1332(a). Nor do Defendants invoke diversity jurisdiction. The sole basis for removal of the action was federal-question jurisdiction under 28 U.S.C. § 1331, plus supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

[6] Pursuant to Section 1666(a)(3)(A), if a consumer identifies a billing error within sixty days after a statement is issued, a creditor has two obligations:

> First, within 30 days of receiving that written notice, it must acknowledge receipt to the consumer in writing. 15 U.S.C. § 1666(a)(3)(A). Second, within two billing cycles and "in no event later than ninety days" after the consumer files his written dispute, it must either (1) "make appropriate corrections" to the consumer's account, "including the crediting of any finance charges on amounts erroneously billed," or (2) "conduct[ ] an investigation" into the dispute and "send a written explanation" to the consumer "setting forth to the extent applicable the reasons why the creditor believes the account … was correctly shown in the statement." *Id.* § 1666(a)(3)(B)(i)–(ii). The creditor must take these steps "before making any attempt to collect the disputed amount."

As an initial matter, TD Bank argues that the FCBA and Federal Regulation Z's definition of "billing error" excludes the transfer from the HELOC to Plaintiffs' checking account, because "the transfer was made to Plaintiffs." (TD Brf. at 19). I reject that interpretation, which is unduly narrow.

The FCBA enumerates specific examples of billing errors, including "[a] reflection on a statement of an *extension of credit* for which *the obligor requests additional clarification* including documentary evidence thereof." 15 U.S.C. § 1666 (emphasis added); *accord* 12 C.F.R. § 1206.13(a)(6) ("A reflection on a periodic statement of an extension of credit for which the consumer requests additional clarification, including documentary evidence."). Further, under Federal Regulation Z, a billing error is defined to include "[a] reflection on or with a periodic statement of an *extension of credit* for property or services *not accepted by the consumer or the consumer's designee*, or not delivered to the consumer or the consumer's designee as agreed." 12 C.F.R. § 1026.13(a)(3) (emphasis added).

The Amended Complaint alleges that a "transfer was made between the [HELOC] and Plaintiffs' joint checking account ... by TD Bank without the authorization, knowledge, or consent of Plaintiffs," and that the Plaintiffs immediately went to TD to speak with an employee after realizing "they were the victim of a fraud." (Am. Compl. ¶¶ 6-7). TD Bank's motion is bereft of any authority suggesting that either the FCBA or Federal Regulation Z's billing error provisions would not cover an unauthorized transfer of funds from an open-ended credit line, such as the HELOC, to an account owned by the HELOC borrower.

TD Bank argues more generally, however, that this transfer does not implicate the concerns of the FCBA or Federal Regulation Z. Because the transferor and transferee accounts are both controlled by Plaintiffs, TD Bank

---

*Krieger*, 890 F.3d at 433-34 (*citing Am. Express Co. v. Koerner*, 452 U.S. 233, 234, 236-37 (1981)); *see also Piller v. JPMorgan Chase Bank*, 2020 WL 8186165, at *3 (D.N.J. Oct. 23, 2020).

says, the transfer does not represent an actionable harm to Plaintiffs. Now it is true that the underlying fraud required an additional step: the subsequent transfer of the proceeds from the Gregors' checking account to the fraudster. FCBA and Federal Regulation Z, however, are not directed at the fraudster's scheme, but at the alleged bank error that allowed it to occur. And that alleged bank error involved an "extension of credit" within the meaning of the statute and regulation.

An unauthorized "extension of credit" from a HELOC—in effect, a loan of money at interest which was never sought or authorized by the Plaintiffs—would not be a matter of indifference to the Plaintiffs. It falls well within the concerns of the statute and regulation. Indeed, it is between a creditor and a borrower, not between the creditor and some third party, that such allegations of an "extension of credit" billing error would most commonly arise. Consequently, I do not adopt TD Bank's position that the statute excludes such a scenario.

On other grounds, however, I find that the two federal claims against TD Bank (Counts 2 and 3) are inadequately pled as a matter of law. The Amended Complaint fails to allege that the Plaintiffs complied with the specific written notice requirements stated in both the FCBA and Federal Regulation Z, and indeed it appears to suggest otherwise. Plaintiffs allege only that upon discovering the fraud, "[t]hey immediately went back to the TD Bank branch and spoke with Ronell McDaniel, Branch Manager and Vice President." (Am. Compl. ¶ 7). In the absence of written notice of the billing error to TD Bank, TD Bank's duties under the FCBA and Federal Regulation Z would not be triggered.[7] That condition precedent is not even alleged generally, as is required

---

[7] *See* 15 U.S.C. § 1666(a); 12 C.F.R. § 1026.13(b)(1) ("[A] billing error notice is a written notice from a consumer that … [i]s received by a creditor at the address disclosed under § 1026.7(a)(9) or (b)(9), as applicable, no later than 60 days after the creditor transmitted the first periodic statement that reflects the alleged billing error….")

to put Defendants to the burden of denying its occurrence. See Fed. R. Civ. P. 9(c). In fact, the Complaint affirmatively suggests that any notice was oral.[8]

Plaintiffs have not sufficiently alleged a violation under federal law. Therefore, I find that Counts II and III of the FAC fail to state a claim under the FCBA and Federal Regulation Z.[9]

### B. Supplemental Jurisdiction

Having dismissed Plaintiffs' only federal claims, the Court must consider whether to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, pursuant to 28 U.S.C. § 1367(c)(3).

Under 28 U.S.C. § 1367(c), the Court has discretion to decline jurisdiction over the remaining state-law claims after all federal-law claims have been dismissed from the action. The Third Circuit has held that where the federal claims that formed the basis for original jurisdiction are dismissed, a "district court may decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *see also Shaffer v. Bd. Of Sch. Dirs. Of Alber Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent jurisdiction should be declined where the federal claims are no longer viable,

---

[8] I will not construct an argument on Plaintiffs' behalf that written notice is or should be excused, but will await clarification in any amended pleading that may be filed as to whether written notice was given.

I note in addition that the federal statute and regulation relate, not to an erroneous transfer as such, but to a billing error in a "periodic statement" issued by the bank. I do not, however, reach TD Bank's alternative argument that the federal-law counts must be dismissed because they fail to allege an error in billing.

[9] With respect to Count 3, as the Plaintiffs have not sufficiently pled their federal law claims, this Court will not grant an order at this time "precluding TD Bank from collecting from Plaintiffs any portion of the advance wrongfully made by TD Bank from Plaintiffs' [HELOC]." (Am. Compl. ¶25; *see also* 12 C.F.R. § 1026.13 ("The consumer need not pay (and the creditor may not try to collect) any portion of any required payment that the consumer believes is relate to the disputed amount (including related finance or other charges).")

absent extraordinary circumstances"). In short, the presumptive rule is that the state claims shall be dismissed, unless reasons of economy and fairness dictate otherwise.[10]

Where the case has been substantially litigated, it may be a proper exercise of jurisdiction to retain the state-law claims. *See Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284-85 (3d Cir. 1993) (remanding for exercise of discretion as to whether to retain pendent claim, noting that where the district court already heard all evidence necessary to decide the state contract claim, it might retain jurisdiction). On the other hand, where the case is nowhere close to trial, dismissal or remand is likely the proper course. *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties.").

No such extraordinary circumstances or considerations of efficiency and fairness are present here. This case is in its infancy, at the motion to dismiss stage. There is no particular procedural disadvantage to having a state court hear these state-law claims. Indeed, Plaintiffs themselves initially filed this action in state court.

The FCBA and Federal Regulation Z claims having been dismissed, the Court will exercise its discretion to decline supplemental jurisdiction over Plaintiffs' remaining state-law claims. Counts 1, 4, and 5 of the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. Lacking jurisdiction, I do not reach the Defendants' substantive arguments as to whether the state-law counts state a claim upon which relief may be granted.[11]

---

[10]     I consider in addition that no federal claim was ever asserted against BoA. An additional layer of supplemental jurisdiction analysis may come into play with respect to "claims that involve the joinder or intervention of additional parties," sometimes referred to as "pendent-party jurisdiction." *Borough of West Mifflin*, 45 F.3d at 784 (3d Cir. 1995). Here, however, the analysis of the claims is sufficient to require dismissal.

[11]     I note in passing, although it is not relevant to subject matter jurisdiction, that Plaintiffs, in their opposition brief, seem to respond to TD's arguments by shifting

## IV.   CONCLUSION

For the reasons set forth above, I will **GRANT** Defendant TD Bank's motion (DE 7) to dismiss the action. The dismissal of Plaintiffs' federal claims is without prejudice to the filing of a motion to amend, accompanied by a proposed amended complaint, within 30 days. If no such motion is filed, this dismissal will become final. Because all state-law claims are dismissed on jurisdictional grounds, and only state-law claims are asserted against BoA, BoA's Rule 12(b)(6) motion to dismiss for failure to state a claim (DE 4) is dismissed as moot.

Because it is jurisdictional, the dismissal of state claims is entered without prejudice to their assertion in any forum which does possess jurisdiction. Should an amended complaint state viable federal claims, however, the Court may reconsider the dismissal of state-law claims for lack of supplemental jurisdiction.

An appropriate order will be entered.

Dated: October 1, 2021

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**

---

Count 1's focus from a claim of common-law negligence to one under the UCC. Any such claim must be pled. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of. Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (alteration in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *Hamza v. United Cont'l Holdings, LLC*, No. CV198971FLWTJB, 2020 WL 5757807, at *3 (D.N.J. Sept. 28, 2020).